**MILBERG, PLLC**
John J. Nelson
280 S. Beverly Dr.
Beverly Hills, CA 92102
(858) 209-6941
Jnelson@milberg.com

**FREED KANNER LONDON AND MILLEN LLC**
Jonathan M. Jagher*
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6486
Jjagher@fklmlaw.com

**pro hac vice* forthcoming

*Attorneys for Plaintiff and the Putative Class*
[Additional counsel listed on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIVIANA RAIMONDI and NOSA OKUNBOWA, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TCL NORTH AMERICA INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Viviana Raimondi and Nosa Okunbowa ("Plaintiffs") bring this class action complaint on behalf of themselves and all others similarly situated ("Class Members") against TCL North America Inc. ("TCL" or "Defendant"). The allegations contained in this class action complaint are based on Plaintiffs' personal knowledge of facts pertaining to themselves, and upon information and belief, including further investigation conducted by Plaintiffs' counsel, as to the remainder.

## NATURE OF THE ACTION

1. Chinese-owned TCL is one of the largest sellers of consumer electronics in the United States, including "smart TVs" that offer built-in streaming platforms including

TCLtv+ and the TCL Channel, and applications to download directly from the TV, including a TCL TV web browser, known as BrowserHere ("TCL Browser").

2. TCL encourages TCL Browser users, including Plaintiffs and Class Members, to use the TCL Browser to access the full Internet. Unbeknownst to them and to third-party websites and without their consent, TCL was collecting all TCL Browser users' web browsing activity, including exact text typed into search bars.

3. Plaintiffs and all other Class Members are users who communicated via the TCL Browser. They shared information, including personally identifiable information ("PII") and contents of communications, with the reasonable belief that TCL would take appropriate steps to maintain the privacy of these communications.

4. Instead, TCL did the opposite, intercepting sensitive and confidential personal communications via code embedded in the TCL Browser ("Tracking Code").

5. Defendant's Tracking Code, unbeknownst to Plaintiffs and the third-party websites they visited alike, tracked and disclosed to its related entities, *inter alia*: (1) the exact text of searches on third-party search engines, (2) the search engines' keyword suggestions, and (3) all webpages visited on third-party websites.

6. In fact, TCL tracked and disclosed Plaintiffs' and Class Members private confidential communications for advertising and marketing purposes, ***even when they turned on a private browsing mode known as "Ninja Mode."***

7. Defendant's conduct directly violates the Federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.* ("FWA"), which bars the interception and recording of private communications without prior consent of at least one party to the conversation (and neither the users nor the third-party websites consented to Defendant's tracking on the browser), as well as the California Invasion of Privacy Act, California Penal Code § 632(a), which uses an all-party consent standard. Defendant also intentionally invaded the privacy of Plaintiffs and Class Members, and was unjustly enriched by its use of the Tracking Code.

8. Plaintiffs bring this action individually and on behalf of a class of every

person in the United States whose Website Communications were intercepted through Defendant's use of Tracking Code in the TCL Browser and seek all civil remedies provided under the causes of action, including but not limited to actual, statutory, and punitive damages, disgorgement, and attorneys' fees and costs.

## PARTIES

9. Plaintiff Viviana Raimondi is an adult citizen of the state of California and resides in San Jose, California.

10. Plaintiff Nosa Okunbowa is an adult citizen of the state of California and resides in Sacramento, California.

11. Defendant TCL North America Inc. is a Delaware corporation with its headquarters and principal place of business located at 189 Technology Drive, Irvine, California 92618.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is brought under the laws of the United States, *i.e.*, the Federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.* The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

13. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because members of the putative class are of diverse citizenship from Defendant, there are more than 100 members of the putative class, and the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.

14. The Court has general personal jurisdiction over Defendant because it has its principal place of business in California. The Court has specific personal jurisdiction over Defendant because it (i) transacts business in California; (ii) has substantial aggregate contacts with California; (iii) engaged and is engaging in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in California; and (iv) purposely availed itself of the laws of California.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff

Raimondi resides in this District, and a significant part of the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

### A. TCL

16. TCL is a Chinese-owned company that sells a variety of consumer electronics including "smart TVs," which are traditional television sets with integrated Internet and computer application features. It also operates the streaming channels TCLtv+ and the TCL Channel. Related entity TCL Technology Group Corp. ("TCL Group") is headquartered in Huizhou, Guangdong province in China, and is owned in part by the Chinese government.

17. TCL's website touts it has pioneered some of the core technology of modern TVs and smart TVs:[1]

| QLED | MINI-LED | TCL ROKU TV |
|---|---|---|
| TCL introduced the world's first big-screen QLED TV in 2014, pioneering quantum dot color technology. | In 2019, we introduced the world's first Mini-LED TV raising the bar for depth, dimension, and contrast. | TCL introduced the first Roku TV in 2014, which *WIRED* called "the first Smart TV worth using." |

18. Along with Samsung, TCL is currently one the leading sellers of smart TVs in the United States.

19. By 2024 and early 2025, TCL held a significant position in the overall global TV market with about a 14% overall market share, making it the second-largest TV brand globally behind Samsung, which holds around 16%.[2] Notably, in the premium TV

[1] https://www.tcl.com/us/en/about-us/our-story

[2] https://displaydaily.com/global-premium-tv-market-surges-51-as-tcl-overtakes-lg-in-premium-segment/.

segment, TCL overtook LG, capturing a 20% share of the market compared to LG's 19%, while Samsung led with 29% in that category.[3] In particular, the premium TV market, which includes technologies like Mini LED, OLED, QD-LCD, and NanoCell, surged by 51% year-over-year in Q4 2024, with Mini LED TVs growing over 170%, a segment where TCL is a pioneer and leader.[4]

20. In North America in 2024, TCL's TV shipments grew by 6.4% year-over-year, with 75-inch and larger TCL TV shipments growing by 67.6%. The company maintained a top-two market share in the U.S. retail market.[5]

**B. The TCL Browser**

21. TCL Google TVs[6] are sold with certain applications already preinstalled, including TCLtv+, the TCL Channel, and TCL Home, and also the Google Play Store, which allows users to download additional Google TV applications.

22. One of the applications available for download is the TCL Browser,[7] which




[3] *Id.*
[4] *Id.*
[5] https://www.minimicroled.com/tcl-electronics-2024-tv-shipments-up-15-mini-led-tvs-soar-2x/
[6] In addition to smart TVs associated with Google that use the Android operating system, TCL sells smart TVs associated with Amazon that use the Fire operating system, and with Roku that use the Roku operating system.
[7] The TCL Browser is also available on the Fire operating system and Roku operating system.

the Google Play Store shows has been downloaded from the Google Play Store more than 50 million times by users. When accessing the Google Play Store from a TCL TV and searching in the Google Play Store for "browser," the TCL Browser is displayed first:

23. The TCL Browser is published by Shenzhen TCL New Technology Co., Limited. On information and belief, the consumer data collected through the Tracking Code is controlled by Shenzhen TCL New Technology Co., Limited.

24. Opening the TCL Browser provides three options: (1) "Home," which allows access to the full Internet, (2) Movies & TV, and (3) News. On information and belief, the 50 million users who have downloaded the TCL Browser often use it to access content on the Internet they cannot already access on other applications that allow streaming movies and TV shows, including adult content.

25. As described herein, TCL intercepts (and often discloses to third parties) (a) the exact text of all searches a user conducts on search engines (*e.g.*, Google), (b) the suggested keywords offered by the search engine, and (c) all webpages viewed by the user on third-party websites, all without the consent or even the knowledge of the user or the third-party websites.

26. TCL uses data collection servers (which, on information and belief, are located in China) associated with the website domain *.leinaio.com, which on information and belief is associated with TCL's related entity TCL FFALCON, a distinct brand that specializes in developing and operating content and applications for TCL TVs.

27. As set forth herein, the communications intercepted by the Tracking Code in the TCL Browser are sent to *.leinaio.com, and are thereby disclosed to a third-party (a related entity to TCL) without the consent of users or the third-party websites with whom they are communicating.

28. Other communications, including views of a particular webpage, are disclosed to third parties not related to TCL for advertising purposes. One such third party is SimilarWeb Ltd., which operates www.similarsites.com, a web recommendation and analytics platform that makes money through advertising, affiliate marketing, and data

licensing. Two others, used for illustrative purposes herein, are Google DoubleClick (a targeted advertising platform) and SpringServe (a video advertisement server with which TCL has a strategic partnership to monetize advertisement inventory on TCL smart TVs).

**C. The Tracking Code Intercepts Searches.**

29. Whenever a user of the TCL Browser uses a search engine, whether on that search engine's website (*e.g.*, www.google.com) or, as shown in Figure 1 below, on the search bar of one of the TCL Browser's main screens, which allows the user to select the search engine of his or her choice, the Tracking Code intercepts the exact text of the searches a user enters.

30. For example, although the Google search engine is selected in Figure 1 below, and the Google logo is shown, the exact text entered is sent not just to Google but is also copied and sent to TCL.




Figure 1

31. Users of the TCL Browser may type an endless variety of search terms revealing sensitive, private, confidential, or otherwise valuable information about them.

To give just a few examples they may type: "abortion clinics near me," "electric cars under $30k" or, as shown in Figure 2, "foxnews."




Figure 2

32. As shown in the traffic between the TCL Browser and leinaio.com in Figure 3, which corresponds with the web image displayed in Figure 2, the Tracking Code intercepts the text a user types in the search bar unbeknownst to them. Specifically, the original communication is sent to www.google.com through a GET request, and a copy of the communication is sent to leinaio.com through a POST request like the one shown in Figure 3. Highlighted in yellow, the Tracking Code transmits to leinaio.com the exact search term. Highlighted in green, if the user is signed into a Google account on the TCL Browser, the Google account number is also transmitted. Moreover, although not visible in the captured traffic (*e.g.*, Figure 3), the user's IP address is obtained automatically at the server or network level as a default feature of any server receiving HTTP requests.

| | |
|---|---|
| POST /api/v4/tbroswer/v2/searchTips HTTP/2<br>Host: hwlauncher-apps-o.api.leiniao.com<br>Content-Type: application/json; charset=utf-8<br>Content-Length: 1458<br>Accept-Encoding: gzip, deflate, br | HTTP/2 200 OK<br>Content-Type: application/json<br>Vary: Accept-Encoding<br>Date: Fri, 13 Dec 2024 11:02:30 GMT<br>X-Kong-Upstream-Latency: 8<br>X-Kong-Proxy-Latency: 1<br>Via: kong/2.5.0, 1.1 google |

| | |
|---|---|
| User-Agent: okhttp/3.12.13<br><br>{"clientType":"[redacted]":"google-[redacted]","zone"<br>:"us","language":"en_US","isAutoInput":<br>"false","hasPlayNonstandardSource":"fals<br>e","key":"foxnews","googleTips":")]}\u0<br>027\n[[[\"foxnews\",0,[512,433,131]],[\"f<br>oxnews\\u003cb\\u003e<br>live\\u003c\\/b\\u003e\",0,[512,433]],[\"\\<br>u003cb\\u003efox<br>news\\u003c\\/b\\u003e\\u003cb\\u003e<br>election<br>results\\u003c\\/b\\u003e\",0,[512,10]],[\"\<br>\u003cb\\u003efox<br>news\\u003c\\/b\\u003e\\u003cb\\u003e<br>poll\\u003c\\/b\\u003e\",0,[512,10]],[\"\\u<br>003cb\\u003efox<br>news\\u003c\\/b\\u003e\\u003cb\\u003e<br>youtube\\u003c\\/b\\u003e\",0,[512,433,1<br>31,10]],[\"foxnews\\u003cb\\u003e.com/g<br>utfeld<br>tickets\\u003c\\/b\\u003e\",0,[512]],[\"\\u0<br>03cb\\u003efox<br>news\\u003c\\/b\\u003e\\u003cb\\u003e<br>crossword\\u003c\\/b\\u003e\",0,[512,10]]<br>,[\"\\u003cb\\u003efox<br>news\\u003c\\/b\\u003e\\u003cb\\u003e<br>app\\u003c\\/b\\u003e\",0,[512,10]],[\"\\u<br>003cb\\u003efox<br>news\\u003c\\/b\\u003e\\u003cb\\u003e<br>anchors\\u003c\\/b\\u003e\",0,[512,10]],[\<br>"fox news<br>gutfeld\",46,[512,433,131,650,10],{\"lm\"<br>:[],\"zh\":\"fox news<br>gutfeld\",\"zi\":\"Gutfeld! \\u2014 Talk<br>show\",\"zp\":{\"gs_ssp\":\"eJzj4tVP1zc0<br>TDKvsqgqz0kyYPQSSMuvUMhLLS9W<br>SC8tSUvNSQEArygLCQ\"},\"zs\":\"http<br>s://encrypted-<br>tbn0.gstatic.com/images?q\\u003dtbn:AN<br>d9GcTMzLJebzYrEJcP6xZfezJyqMyd-<br>r9HdT2FuTNwct0HNSB7ZCaJvCbA27d<br>T9w\\u0026s\\u003d10\"}]],{\"ag\":{\"a\"<br>:{\"40024\":[\"\",\"\",1,20]}},\"q\":\"ojY_<br>4I2dngtnY1jbwsXVUJe_gpE\"}]"} | {"code":100000,"msg":"success","data":{"<br>keyWordPrompt":[{"type":"keyWord","ke<br>yWord":"<b>fox news</b><b> election<br>results</b>","url":"<br>https://www.google.com/search?q=<b>fox<br>news</b><b> election<br>results</b>"},{"type":"keyWord","keyWo<br>rd":"foxnews<b>.com/gutfeld<br>tickets</b>","url":"<br>https://www.google.com/search?q=foxnew<br>s<b>.com/gutfeld<br>tickets</b>"},{"type":"keyWord","keyWo<br>rd":"<b>fox news</b><b><br>youtube</b>","url":"<br>https://www.google.com/search?q=<b>fox<br>news</b><b><br>youtube</b>"},{"type":"keyWord","keyW<br>ord":"<b>fox news</b><b><br>app</b>","url":"<br>https://www.google.com/search?q=<b>fox<br>news</b><b><br>app</b>"},{"type":"keyWord","keyWord"<br>:"<b>fox news</b><b> poll</b>","url":"<br>https://www.google.com/search?q=<b>fox<br>news</b><b><br>poll</b>"},{"type":"keyWord","keyWord"<br>:"foxnews<b> live</b>","url":"<br>https://www.google.com/search?q=foxnew<br>s<b><br>live</b>"},{"type":"keyWord","keyWord"<br>:"<b>fox news</b><b><br>crossword</b>","url":"<br>https://www.google.com/search?q=<b>fox<br>news</b><b><br>crossword</b>"},{"type":"keyWord","key<br>Word":"foxnews","url":"<br>https://www.google.com/search?q=foxnew<br>s"},{"type":"keyWord","keyWord":"<b>f<br>ox news</b><b> anchors</b>","url":"<br>https://www.google.com/search?q=<b>fox<br>news</b><b><br>anchors</b>"}],"mediaPromptVOS":[]},"t<br>imestamp":1734087751515,"success":true<br>} |



Figure 3

33. In addition, highlighted in blue in Figure 3, the Tracking Code shows the keyword "foxnews" associated for advertising purposes with terms like "crossword,"

"news anchors," "Gutfeld" and "Talk show," which corresponds to the keyword search suggestions shown in Figure 2.

34. At the same time, when the user hits enter on the search, the Tracking Code also transmits the URL for the Google search results to leinaio.com, as highlighted in yellow in Figure 4. Highlighted in green, also transmitted is the user's unique "Device ID" and "UserID," which serve to persistently identify the user across different instances of tracking. The URL contains the exact search text. Therefore, even if the user is not signed into a Google account on the TCL Browser (or does not have a Google account), the search text is sent to Google associated with the unique user.


| | |
|---|---|
| POST /frontreport/custom HTTP/1.1<br>Host: hweudc-o.api.leiniao.com<br>Content-Type: application/x-www-form-urlencoded<br>Content-Length: 959<br>Accept-Encoding: gzip, deflate, br<br>User-Agent: okhttp/3.12.13<br>Connection: keep-alive<br><br>basicInfo=%7B%22appNm%22%3A%22BrowseHere%22%2C%22appVersion%22%3A770017%2C%22appVersionName%22%3A%227.70.017_a4a5ff8_241115_gp%22%2C%22datasource%22%3A%22Google%20PlayStore%22%2C%22deviceBrand%22%3A%22google%22%2C%22deviceId [redacted] %22%2C%22deviceIdType%22%3A%221%22%2C%22deviceManufacturer%22%3A%22Google%22%2C%22deviceModel%22%3A%22 [redacted] 64%22%2C%22deviceType%22%3A%22TV%22%2C%22lang%22%3A%22en%22%2C%22packageNm%22%3A%22com.tcl.browser%22%2C%22projectId%22%3A%2223402041d22148c894bfe07c26ae5594%22%2C%22region%22%3A%22us%22%2C%22sysType%22%3A%22Android%22%2C%22sysVersion%22%3A%22Android%3A%2012%22%2C%22userId [redacted] %22%7D&dataInfo=%7B%22domainName%22%3A%22www.google.com%22%2C%22pageNum%22%3A1%2C%22duration%22%3A153%2C%22openPv%22%3A0 | HTTP/1.1 200 OK<br>Server: openresty<br>Date: Fri, 13 Dec 2024 11:05:13 GMT<br>Content-Type: application/json; charset=utf-8<br>Connection: keep-alive<br>Access-Control-Allow-Origin: *<br>Access-Control-Allow-Credentials: true<br>Content-Length: 54<br>{"returnCode":"200","returnMessage":"Report success"} |

| | |
|---|---|
| %2C%22pageName%22%3Anull%2C%22type%22%3A%2237C3AFCBD3%22%2C%22url%22%3A%22https%3A%2F%2Fwww.google.com%2Fsearch%3Fq%5Cu003dfoxnews%22%7D | |

Figure 4

35. When a Google search is conducted from a different browser other than the TCL Browser, *e.g.*, Safari, the Tracking Code shown in Figures 3 and 4 is not present, and TCL does not eavesdrop on the communication between the user and Google. But when on the TCL Browser, TCL is always looking over the user's shoulder and surreptitiously tracking valuable information.

**D. The Tracking Code Intercepts Webpages Viewed.**

36. The Tracking Code on the TCL Browser also surreptitiously intercepts (and discloses to third parties) the particular webpages a user views. The webpages a person views often reveal sensitive, private, confidential, or valuable information about them, for example their view of a specific medical professional's webpage or a specific product they are considering purchasing or a politically charged article or video.

37. Figure 5 shows the Tracking Code interception of a user's view of a particular article and video watch on the Fox News website. Highlighted in yellow is information identifying the webpage visited and video watched, and highlighted in green is the Google account number uniquely identifying the the user.

| | |
|---|---|
| POST /api/v4/tbroswer/report HTTP/2<br>Host: hwlauncher-apps-o.api.leiniao.com<br>Content-Type: application/json; charset=utf-8<br>Content-Length: 381<br>Accept-Encoding: gzip, deflate, br<br>User-Agent: okhttp/3.12.13<br><br>{"image":"","appVersion":"770017","bhgod":"google-[redacted]","zone":"us","webUrl":"https://www.foxnews.com/","playbackUrl":"https://247preview.foxnews.com/hls/live/2020027/fncv3preview/index.m3u8","domains":"foxnews.com","language":"en_US","play | HTTP/2 200 OK<br>Content-Type: application/json<br>Vary: Accept-Encoding<br>Date: Fri, 13 Dec 2024 11:06:47 GMT<br>X-Kong-Upstream-Latency: 4<br>X-Kong-Proxy-Latency: 1<br>Via: kong/2.5.0, 1.1 google<br>{"code":100000,"msg":"success","timestamp":1734088008224,"success":true} |

| | |
|---|---|
| Time":1,"title":"Fox News - Breaking News Updates \| Latest News Headlines \| Photos \u0026 News Videos","desc":""} | |

Figure 5

38. Figure 6 shows the Tracking Code transmitting a user's view of a particular webpage on the Fox News website to Google DoubleClick and SpringServe. The URLs pass first to leinaio.com and then to third-party advertisers for placement of targeted advertising.

| | |
|---|---|
| POST /ads/delivery/v2/vastTag HTTP/2<br>Host: hwads-o.api.leiniao.com<br>Content-Type: application/json; charset=utf-8<br>Content-Length: 1512<br>Accept-Encoding: gzip, deflate, br<br>User-Agent: okhttp/3.12.13<br><br>{"appPackage":"com.tcl.browser","appDomain":"tcl.com","appVersion":"770017","preferredLanguage":"en_US","channel":null,"contentId":"https://www.foxnews.com/","skip":"0","appCat":"IAB1-22","ssaiEnabled":"0","maxAdDuration":60,"contentCat":"IAB1-22","deviceLanguage":"en_US","playerWidth":1920,"cb":"1733140221676","area":"us","appStoreUrl":"https://play.google.com/store/apps/details?id\u003dcom.tcl.browser","mediaCp":"","minAdDuration":5,"appName":"BrowseHere","contentKeywords":"https://247preview.foxnews.com/hls/live/2020027/fncv3preview/index.m3u8","deviceMake":"google","device_partner":null,"podSize":"3","tuid":null,"userAgent":"Dalvik/2.1.0 (Linux; U; Android 12; [redacted] Build/STT9.221129.002)","contentTitle":"Fox News - Breaking News Updates \| Latest News Headlines \| Photos \u0026 News Videos","dnt":0,"liveStream":"0","usPrivacy":"1---","vpi":"MP4","gdpr":"0","contentGenre":"https://247preview.foxnews.com/hls/live/2020027/fncv3preview/index.m3u8","contentChannel":"TCL","playerHeight":1080,"application":"6","contentLanguage":"en_US","podDuration":60,"cha | HTTP/2 200 OK<br>Content-Type: application/json<br>Vary: Accept-Encoding<br>Date: Fri, 13 Dec 2024 [redacted] GMT<br>X-Kong-Upstream-Latency: 3<br>X-Kong-Proxy-Latency: 1<br>Via: kong/2.5.0, 1.1 google<br><br>{"code":100000,"data":{"guaranteeLink":"https://pubads.g.doubleclick.net/gampad/live/ads?iu=/23103909293/T-C&description_url=https://play.google.com/store/apps/details?id=com.tcl.browser&tfcd=0&npa=0&sz=400x300%7C640x480&gdfp_req=1&unviewed_position_start=1&output=vast&env=vp&impl=s&correlator=","vastTag":"https://tv.springserve.com/rt/20286?device_model=[redacted]&rating=PG-13&kwds=&language=EN&skip=0&gdpr_consent=&content_channel=Streets+of+Hope&ua=[redacted]&schain=&content_title=Streets+of+Hope&coppa=0&ic=IAB1-22&pod_sequence=&cb=1733140221676&channel_name=Streets+of+Hope&content_id=6238323bb364b540cca4dbd6&ip[redacted]&h=1080&network_name=Cinedigm&pod_max_dur=60&dnt=0&TDID=[redacted]&url=tcl.com&gdpr=0&app_name=BrowseHere&device_make=google&max_dur=60&content_genre=Drama%2CAction%2CFamily%2CAction+%26+Adventure&app_bundle=com.tcl.browser&w=1920&app_store_url=https%3A%2F%2Fplay.google.com%2Fstore%2Fapps%2Fdetails%3Fid%3Dcom |

| | |
|---|---|
| nnelName":"https://www.foxnews.com/","deviceModel":"[redacted]","contentNetwork":"https://247preview.foxnews.com/hls/live/2020027/fncv3preview/index.m3u8","policyLink":"https://hwprivacy-o.api.leiniao.com/privacy/terms/US.html","position":"Pre-Roll","sourceName":"https://247preview.foxnews.com/hls/live/2020027/fncv3preview/index.m3u8","device":"3","did":"[redacted]"} | .tcl.browser&us_privacy=1YN-&min_dur=5&placement=&vt=Streets+of+Hope&did=[redacted]&cid=[redacted]"},"msg":"success","timestamp":1734087996831} |


Figure 6

39. Therefore, the Tracking Code on the TCL Browser discloses webpages a user views to other third parties without users' or websites' consent. TCL intentionally installed the Tracking Code for the purpose of enabling targeted advertising and profiting from user browsing data. If the user accessed the Fox News website on another browser, *e.g.*, Safari, the Tracking Code shown in Figures 5 and 6 would not have been present, and TCL would not have eavesdropped on the communications between the user and Fox News.

**E. The Tracking Code Remains Active in "Ninja Mode."**

40. Even more egregiously, when a user selects "Ninja Mode," which TCL represents as not saving "browsing history, cookies, and site data, as well as any information entered into forms," the Tracking Code is still active. Even in Ninja Mode, the same data (searches, keyword search suggestions, and webpages viewed) are still tracked and sent to TCL's servers. Users of the TCL Browser often select Ninja Mode to browse adult conent.

41. The following are the messages displayed on a TCL Browser before and after a user "turns on" Ninja Mode:







42. However, despite being in Ninja Mode, the Tracking Code still transmits the Device ID, User ID, search text content, keywords suggested by a search engine, and webpages viewed (as well as IP address).

43. Figure 7 shows a search for "tesla" in Ninja Mode. The software shown in Figure 8 corresponds to the search for "tesla" in Figure 7, and the Tracking Code still intercepts the text of the search term and sends it to leinaio.com although the user's primary search request is directed to Google. Highlighted in blue in Figure 8, the search

term suggestions that correspond to those offered by the Google search engine shown in Figure 8 are also intercepted and sent to this third-party server. As stated above, the IP address is automatically transmitted as well, as a default feature of any server receiving HTTPS requests.




Figure 7

| | |
|---|---|
| POST /api/v4/tbroswer/searchTips HTTP/2<br>Host: hwlauncher-apps-o.api.leiniao.com<br>Content-Type: application/json; charset=utf-8<br>Content-Length: 389<br>Accept-Encoding: gzip, deflate, br<br>User-Agent: okhttp/3.12.13<br><br>{"clientType":"[redacted]","zone":"us","language":"en_US","systemVersion":null,"googleTips":"tesla stock,tesla cybertruck,tesla truck,tesla model y,tesla model 3,tesla stock price,tesla model x,tesla cybertruck price,tesla model s,tesla earnings date,tesla roadster,tesla careers,tesla truck price,tesla suv,tesla supercharger","key":"tesla","platform":"Browser"} | HTTP/2 200 OK<br>Content-Type: application/json<br>Vary: Accept-Encoding<br>Date: Wed, 17 Jul 2024 16:05:11 GMT<br>X-Kong-Upstream-Latency: 3<br>X-Kong-Proxy-Latency: 0<br>Via: kong/2.5.0, 1.1 google<br>{"code":100000,"msg":"success","data":[{"text":"tesla stock","url":"https://www.google.com/search?q=tesla stock","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla cybertruck","url":"https://www.google.com/search?q=tesla cybertruck","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla truck","url":"https://www.google.com/search?q=tesla truck","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla model y","url":"https://www.google.com/search?q=tesla model y","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla model 3","url":"https://www.google.com/search?q=tesla model |

| | |
|---|---|
| | 3","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla stock price","url":"https://www.google.com/search?q=tesla stock price","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla model x","url":"https://www.google.com/search?q=tesla model x","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla cybertruck price","url":"https://www.google.com/search?q=tesla cybertruck price","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla model s","url":"https://www.google.com/search?q=tesla model s","clickUrl":[""],"impressionUrl":[""],"ad":false},{"text":"tesla roadster","url":"https://www.google.com/search?q=tesla roadster","clickUrl":[""],"impressionUrl":[""],"ad":false}],"timestamp":1721232311861,"success":true} |

Figure 8

44. In addition, even in Ninja Mode, when the user hits enter on the search, the Tracking Code transmits the URL for the Google search results to leinaio.com, as highlighted in yellow in Figure 9. Highlighted in green, also transmitted are the user's unique "Device ID" and "UserID" (which identify the user regardless of whether the user has a Google account).

| | |
|---|---|
| POST /frontreport/custom HTTP/1.1<br>Host: hweudc-o.api.leiniao.com<br>Content-Type: application/x-www-form-urlencoded<br>Content-Length: 868<br>Accept-Encoding: gzip, deflate, br<br>User-Agent: okhttp/3.12.13<br>Connection: keep-alive<br><br>basicInfo=%7B%22appNm%22%3A%22BrowseHere%22%2C%22appVersion%22%3A720088%2C%22appVersionName%22%3A%227.20.088_b3a7ad8_240516_gp%22%2C%22datasource%22%3A%22packageIntaller%22%2C%22deviceBrand%22%3A%22google%22%2C%22deviceId [redacted] %22%2C%22deviceIdType | HTTP/1.1 200 OK<br>Server: openresty<br>Date: Wed, 17 Jul 2024 16:05:26 GMT<br>Content-Type: application/json; charset=utf-8<br>Connection: keep-alive<br>Access-Control-Allow-Origin: *<br>Access-Control-Allow-Credentials: true<br>Content-Length: 54<br>{"returnMessage":"Report success","returnCode":"200"} |

| | |
|---|---|
| %22%3A%221%22%2C%22deviceManufacturer%22%3A%22Google%22%2C%22deviceModel%22%3A%22[redacted]22%2C%22deviceType%22%3A%22TV%22%2C%22lang%22%3A%22en%22%2C%22packageNm%22%3A%22com.tcl.browser%22%2C%22projectId%22%3A%2223402041d22148c894bfe07c26ae5594%22%2C%22region%22%3A%22us%22%2C%22sysType%22%3A%22Android%22%2C%22sysVersion%22%3A%22Android%3A%2012%22%2C%22userId[redacted]%22%7D&dataInfo=%7B%22pageNum%22%3A3%2C%22searchName%22%3A%22tesla%22%2C%22duration%22%3A0%2C%22openPv%22%3A6%2C%22pageName%22%3Anull%2C%22type%22%3A%2233757E22E7%22%7D | |

Figure 9

45. Finally, Ninja Mode does not disable the disclosure of users' page views to third-party advertising companies, as shown in Figure 10 when a user visits a webpage on www.cnn.com while in Ninja Mode and clicks on a video within the webpage. The URLs of the webpage and video are sent to DoubleClick and SpringServe via leinaio.com, and the URLs are used to serve the user with targeted advertisements.

| | |
|---|---|
| POST /ads/delivery/v2/vastTag HTTP/2<br>Host: hwads-o.api.leiniao.com<br>Content-Type: application/json; charset=utf-8<br>Content-Length: 1635<br>Accept-Encoding: gzip, deflate, br<br>User-Agent: okhttp/3.12.13<br><br>{"appPackage":"com.tcl.browser","appDomain":"tcl.com","appVersion":"770017","preferredLanguage":"en_US","channel":null,"contentId":"https://www.cnn.com/2025/05/29/europe/russia-gurtsiev-stavropol-blast-intl","skip":"0","appCat":"IAB1-22","ssaiEnabled":"0","maxAdDuration":60,"contentCat":"IAB1-22","deviceLanguage":"en_US","playerWidth":1920,"cb":"1766338877809","area":"us","appStoreUrl":"https://play.google.com/store/apps/details?id\u003dcom.tcl.browser","mediaCp":"","minAdDuration":5 | HTTP/2 200 OK<br>Content-Type: application/json<br>Vary: Accept-Encoding<br>Date: Sun, 21 Dec 2025 17:41:17 GMT<br>X-Kong-Upstream-Latency: 3<br>X-Kong-Proxy-Latency: 2<br>Via: kong/2.5.0, 1.1 google<br>Content-Length: 1216<br><br>{"code":100000,"data":{"guaranteeLink":"https://pubads.g.doubleclick.net/gampad/live/ads?iu=/23116653550/IMASDK&description_url=https://play.google.com/store/apps/details?id=com.tcl.browser&tfcd=0&npa=0&sz=400x300\|640x480\|1920x1080&gdfp_req=1&unviewed_position_start=1&output=vast&env=vp&impl=s&correlator=","vastTag":"https://tv.springserve.com/rt/20286?device_model=[redacted] &rating=TV-MA&kwds=&language=ES&skip=0&gdpr_consent=&content_channel=Heli: |

,"appName":"BrowseHere","contentKeywords":"https://media.cnn.com/api/v1/loops/stellar/prod/251220-spaceloop-v2.mp4?c\u003doriginal","deviceMake":"google","device_partner":null,"podSize":"3","tuid":null,"userAgent":"[redacted])","contentTitle":"Breaking News, Latest News and Videos | CNN","dnt":0,"liveStream":"0","usPrivacy":"1---","vpi":"MP4","gdpr":"0","contentGenre":"https://media.cnn.com/api/v1/loops/stellar/prod/251220-spaceloop-v2.mp4?c\u003doriginal","contentChannel":"TCL","playerHeight":1080,"application":"6","contentLanguage":"en_US","podDuration":60,"channelName":"https://www.cnn.com/2025/05/29/europe/russia-gurtsiev-stavropol-blast-intl","deviceModel[redacted]","contentNetwork":"https://media.cnn.com/api/v1/loops/stellar/prod/251220-spaceloop-v2.mp4?c\u003doriginal","policyLink":"https://hwprivacy-o.api.leiniao.com/privacy/terms/US.html","position":"Pre-Roll","sourceName":"https://media.cnn.com/api/v1/loops/stellar/prod/251220-spaceloop-v2.mp4?c\u003doriginal","device":"3","did":"[redacted]"}

Trailer&ua=[redacted])&schain=&content_title=Heli: Trailer&coppa=0&ic=IAB1-22&pod_sequence=&content_custom_2_param=US&cb=1766338877809&channel_name=Heli: Trailer&content_id=6569818d2c039f7e0c3f4040&ip=[redacted]&h=1080&network_name=One World Digital&pod_max_dur=60&dnt=0&TDID=&url=tcl.com&gdpr=0&app_name=BrowseHere&device_make=google&max_dur=60&content_genre=Drama&app_bundle=com.tcl.browser&w=1920&app_store_url=https://play.google.com/store/apps/details?id=com.tcl.browser&us_privacy=1YN-&min_dur=5&placement=&ifa_type=aaid&vt=Heli: Trailer&did=bf59961d-d0f3-4ad2-ac01-[redacted]&cid=6569818d2c039f7e0c3f4040"},"msg":"success","timestamp":1766338878350}

Figure 10

46. Therefore, Plaintiffs' and Class Members' website communications in Ninja Mode did not merely remain visible to the websites they visited, their organization, and their Internet Service Provider, but also to TCL itself and third parties they were not even aware of. This practice is highly deceptive and underscores that TCL failed to obtain the consent of users for its tracking practices on the TCL Browser.

**F. Class Member PII and Communications Have Financial Value, and Class Members Were Harmed.**

47. As stated in a 2017 feature story in *The Economist*, the "world's most

valuable resource is no longer oil, but data."[8] Personal information has been recognized by courts as extremely valuable. *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 440 F. Supp. 3d 447, 462 (D. Md. 2020) ("Neither should the Court ignore what common sense compels it to acknowledge—the value that personal identifying information has in our increasingly digital economy. Many companies, like Marriott, collect personal information. Consumers too recognize the value of their personal information and offer it in exchange for goods and services.").

48. For example, in 2015, *TechCrunch* reported that "to obtain a list containing the names of individuals suffering from a particular disease," a market participant would have to spend about "$0.30 per name." That same article noted that "[d]ata has become a strategic asset that allows companies to acquire or maintain a competitive edge," and that the value of a single user's data (within the corporate acquisition context) can vary from $15 to more than $40 per user.[9]

49. *Invisibly* noted the following breakdown in average price for record type:

| Record Type | Average Price |
|---|---|
| Health Care Record | $250.15 |
| Payment Card Details | $5.40 |
| Banking Records | $4.12 |
| Access Credentials | $0.95 |
| Social Security Number | $0.53 |
| Credit Record | $0.31 |
| Basic PII | $0.03 |

[10]

[8] *The world's most valuable resource is no longer oil, but data*, THE ECONOMIST (May 6, 2017), available at https://www.economist.com/leaders/2017/05/06/the-worlds-most-valuable-resource-is-no-longer-oil-but-data.

[9] Pauline Glickman & Nicolas Glady, *What's the Value of Your Data?*, TECHCRUNCH (Oct. 13, 2015), https://techcrunch.com/2015/10/13/whats-the-value-of-your-data/.

[10] *Id.*

50. Likewise, individuals can sell or monetize their own data if they so choose. As an example, Facebook has previously offered to pay individuals for their voice recordings,[11] and has paid teenagers and adults up to $20 a month plus referral fees to install an application that allows Facebook to collect data on how individuals use their smartphones.[12] Numerous other companies and applications such as Nielsen Data, Killi, DataCoup, and AppOptix offer consumers money in exchange for their personal data.[13]

51. Moreover, in the case of many types of websites users can access through the TCL Browser, the Tracking Code enables Defendant to obtain valuable, but undeniably private, information, such as about a user's political preferences, mental health, physical health, or sexual preferences. Even websites that connect users with doctors or mental health professionals on which users enter information to be placed with the appropriate professional are also tracked via the Tracking Code unbeknownst to the website user.

52. TCL provides no such compensation to Plaintiff and the Classes in exchange for their surreptitiously obtained communications, but they should be held financially accountable to Plaintiff and the Classes under the laws sought to be enforced in this lawsuit.

**G. Plaintiffs' Experiences**

***Plaintiff Viviana Raimondi***

53. Plaintiff Viviana Raimondi downloaded the TCL Browser in or about May 2024 onto her TCL-brand television (a TCL Google TV), which she keeps in her home in San Jose, California.

---

[11] Jay Peters, *Facebook Will Now Pay You for Your Voice Recordings*, THE VERGE (Feb. 20, 2020), https://www.theverge.com/2020/2/20/21145584/facebook-pay-record-voice-speech-recognitionviewpoints-prounounciations-app.

[12] Saheli Roy Choudhury & Ryan Browne, *Facebook Pays Teens to Install An App That Could Collect All Kinds of Data*, CNBC (Jan. 29. 2019), https://www.cnbc.com/2019/01/29/facebook-paying-usersto-install-app-to-collect-data-techcrunch.html.

[13] *28 Apps That Pay You for Data Collection: Earn a Passive Income*, DOLLAR BREAK (July 7, 2022), https://www.dollarbreak.com/apps-that-pay-you-for-data-collection/.

54. On multiple occasions since then, Plaintiff Raimondi used the TCL Browser, and, through her interactions with third-party websites via the Browser, including searches on Google and YouTube, provided her Private Information to TCL.

55. As a result of Defendant's conduct, Plaintiff Raimondi received targeted advertisements as she browsed websites via the TCL Browser, relating to her private activity on the Browser.

56. Plaintiff Raimondi was not aware the TCL Browser transmitted her Website communications, and did not consent to TCL's disclosure of her Private Information as described above.

57. Plaintiff Raimondi reasonably expected her communications via the TCL Browser to be confidential, and that such communications would not be transmitted to or intercepted by any party in a personally identifiable manner without disclosure to her and her corresponding express consent.

58. By failing to receive the requisite consent, TCL breached its duty of confidentiality and unlawfully intercepted Plaintiff Raimondi's Private Information.

59. Such acts are egregious violations of Plaintiff Raimondi's right to and reasonable expectation of privacy.

***Plaintiff Nosa Okunbowa***

60. Plaintiff Nosa Okunbowa downloaded the TCL Browser in or about August 2024 onto his TCL-brand television (a TCL Google TV), which he keeps in his home in Sacramento, California.

61. On multiple occasions since then, Plaintiff Okunbowa used the TCL Browser, and, through his interactions with third-party websites via the Browser, including Facebook, provided his Private Information to TCL, including in Ninja Mode.

62. As a result of Defendant's conduct, Plaintiff Okunbowa received targeted advertisements as he browsed websites via the TCL Browser, relating to his private activity on the Browser, including his private activity while in Ninja Mode.

63. Plaintiff Okunbowa was not aware the TCL Browser transmitted his Website

communications, and did not consent to TCL's disclosure of his Private Information as described above.

64. Plaintiff Okunbowa reasonably expected his communications via the TCL Browser to be confidential, and that such communications would not be transmitted to or intercepted by any party in a personally identifiable manner without disclosure to him and his corresponding express consent.

65. By failing to receive the requisite consent, TCL breached its duty of confidentiality and unlawfully intercepted Plaintiff Okunbowa's Private Information.

66. Such acts are egregious violations of Plaintiff Okunbowa's right to and reasonable expectation of privacy.

**TOLLING OF THE STATUTE OF LIMITATIONS AND DELAYED DISCOVERY**

67. All applicable statute(s) of limitations have been tolled by the delayed discovery doctrine. Plaintiffs and Class Members could not have reasonably discovered that Defendant disclosed their communications on the TCL Browser until this action commenced.

68. Plaintiffs did not learn of Defendant's interception of their communications linked to their identities through the TCL Browser until being informed by the undersigned counsel of record shortly before this complaint was filed.

69. Plaintiffs had no reason to believe their communications of the TCL Browser were being intercepted in the manner described above. Further, the technologies TCL embedded into the TCL Browser are not visible to the reasonable user—they are invisible and work in the background.

70. As a result, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

**CLASS ACTION ALLEGATIONS**

71. Pursuant to Section 382 of the Code of Civil Procedure, Plaintiffs bring this action on behalf of themselves and other similarly situated individuals defined as:

> **Nationwide Class:** All persons in the United States whose communications on the TCL Browser were intercepted within the statute-of-limitations period through the date of class certification (the "Class")
>
> **California Subclass:** All persons in California whose communications on the TCL Browser were intercepted within the statute-of-limitations period through the date of class certification

(collectively, the "Classes").

72. Plaintiffs reserve the right to modify the class definitions or add sub-classes as necessary prior to filing a motion for class certification, at class certification, or at any later time as the Court permits.

73. The "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling, concealment, and accrual issues, and ending on the date of entry of judgement.

74. Excluded from the Classes are Defendant; any affiliate, parent, or subsidiary of Defendant; any entity in which Defendant have a controlling interest; any officer director, or employee of Defendant; any successor or assign of Defendant; anyone employed by counsel in this action; any judge to whom this case is assigned, his or her spouse and immediate family members; and members of the judge's staff.

75. Numerosity/Ascertainability. Class Members are so numerous that joinder of all members would be unfeasible and not practicable. The exact number of Class Members is unknown to Plaintiffs at this time. However, it is estimated that there are at least tens of thousands of individuals in the Classes. The identity of such membership is readily ascertainable from Defendant's records and non-parties' records.

76. Typicality. Plaintiffs' claims are typical of the claims of Class Members because Plaintiff used the TCL Browser and had their communications intercepted without their express written authorization or knowledge. Plaintiffs' claims are based on the same legal theories as the claims of other Class Members.

77. Adequacy. Plaintiffs are fully prepared to take all necessary steps to represent

fairly and adequately the interests of Class Members. Plaintiffs' interests are coincident with, and not antagonistic to, those of the Class Members. Plaintiffs are represented by attorneys with experience in the prosecution of class action litigation generally and in the emerging field of digital privacy litigation specifically. Plaintiffs' attorneys are committed to vigorously prosecuting this action on behalf of Class Members.

78. Common Questions of Law and Fact Predominate/Well Defined Community of Interest. Questions of law and fact common to Class Members predominate over questions that may affect only individual Class Members because Defendant has acted on grounds generally applicable to the Classes. Such generally applicable conduct is inherent in Defendant's wrongful conduct. The following questions of law and fact are common to the Class:

a. Whether the TCL Browser surreptitiously tracks users' communications with third-party websites, or simultaneously, discloses that information to third parties;

b. Whether Defendant shared Plaintiffs' and Class Members' communications with third-party websites on the TCL Browser;

c. Whether Defendant secured prior consent before recording and/or disclosing Plaintiffs' and Class Members' communications on the TCL Browser;

d. Whether Defendant violated Plaintiffs' and Class Members' privacy rights by using the Tracking Code on the TCL Browser;

e. Whether Defendant is liable for actual or statutory damages under the FWA or any other relevant statutes, and the amount of such damages; and

f. Whether Defendant should be compelled to disgorge, in a common fund for the benefit of Plaintiffs and Class Members, all unlawful or inequitable proceeds that it received.

79. Superiority. Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweighs potential difficulties in management of this class action. Plaintiffs are unaware of any special difficulty to be encountered in litigating this action that would preclude its maintenance as a class action.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of the Federal Wiretap Act (FWA)

### 18 U.S.C. §§ 2510 *et seq.*

### (On Behalf of Plaintiffs and the Class)

80. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein and bring this claim individually and on behalf of the proposed Class.

81. The Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq., prohibits he interception of any wire, oral, or electronic communications without the consent of at least one authority party to the communication. The statute confers a civil cause of action on "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a).

82. "Intercept" is defined as the "aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 2510(4).

83. "Contents" is defined as "includ[ing] any information concerning the substance, purport, or meaning of that communication." *Id.* § 2510(8).

84. "Person" is defined as including "any individual, partnership, association, joint stock company, trust, or corporation. *Id.* § 2510(6).

85. "Electronic communication" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence, of any nature transmitted in whole or in part

by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce. . . .” *Id.* § 2510(12).

86. Defendant, as corporations, are each “persons” under the FWA.

87. Plaintiffs’ and the putative Class Members’ keystrokes, clicks, scrolling and swiping finger movements, text typed, and other interactions with websites via the TCL Browser are “contents” of “electronic communications” under 18 U.S.C. § 2510(12).

88. The Tracking Code like that used by Defendant is an “electronic, mechanical or other device” “used to intercept a wire, oral, or electronic communication” under the FWA.

89. Defendant intentionally employ the Tracking Code to automatically and indiscriminately spy on and intercept website visitors’ electronic communications as they take place in real time, in violation of 18 U.S.C. § 2520(a).

90. Plaintiffs and Class Members did not give prior consent to having their communications intercepted by Defendant. In fact, Plaintiffs and Class Members reasonably expected under the circumstances that their electronic communications would not be intercepted.

91. Nor did the third-party websites, as the other parties to the communications, give prior consent to having those communications intercepted by Defendant, and Defendant never sought to or did obtain the third-party websites’ consent.

92. At all relevant times, Defendant’s conduct was knowing and intentional.

93. Plaintiffs and Class Members are each entitled to “such preliminary and other equitable or declaratory relief as may be appropriate”; “(A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000”; and punitive damages. 18 U.S.C. § 2520(b), (c).

94. Plaintiffs and Class Members are also entitled to a “reasonable attorney’s fee and other litigation costs reasonably incurred.” *Id.* § 2520(b)(3).

## SECOND CAUSE OF ACTION

**Violation Of the California Invasion of Privacy Act (CIPA)**

**Cal. Penal Code § 632(a)**

95. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein and bring this claim individually and on behalf of the proposed California Subclass.

96. California Penal Code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation, or imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

97. Therefore, under CIPA, a defendant must show it had the consent of <u>all</u> parties to a communication.

98. Plaintiffs' and California Subclass Members' specific user input events and choices and information typed via the TCL Browser are tracked by Defendant using the Tracking Code. The user's affirmative actions, such as inputting search text and otherwise communicating with third-party websites through the TCL Browser constitute communications within the scope of CIPA.

99. At all relevant times, Defendant used a recording device—the Tracking Code—to record Plaintiffs' and California Subclass Members' Internet communications while accessing the Website. These communications were recorded and shared with, and intercepted by, Defendant in an individualized and personally identifiable manner without the authorization and consent of Plaintiffs and California Subclass Members.

100. Defendant intentionally implemented the Tracking Code into the TCL Browser that, without the knowledge and consent of Plaintiffs and California Subclass

Members, recorded and transmitted the substance of their confidential communications with third-party websites to Defendant in an individualized and personally identifiable manner.

101. Plaintiffs and California Subclass Members are residents of California and used their devices to visit the Website within California. As such, Defendant record, disseminate, and intercept Plaintiffs' and California Subclass Members' data, communications, and personal information in California.

102. Plaintiffs and California Subclass Members did not consent to Defendant's actions in implementing the tracking software as described above nor did they consent to Defendant's intentional collection, sharing, and interception of Plaintiffs' and California Subclass Members' Private Information as described above.

103. At all relevant times to this Complaint, Plaintiffs and the other California Subclass Members did not know Defendant was engaging in the recording, sharing, and intercepting of information as set forth above, and therefore could not provide consent to have any part of their private and confidential communications and personally identifiable information intercepted by the Tracking Code in a personally identifiable and individualized manner.

104. The following constitutes a "recording device" under CIPA: the computer codes and programs, such as the Tracking Code, used to track Plaintiffs' and California Subclass Members' communications while they were navigating third-party websites using the TCL Browser.

105. Defendant failed to disclose its use of the Tracking Code to track and automatically and simultaneously transmit communications and personally identifiable information in a de-anonymized and disaggregated fashion for advertising and marketing purposes.

106. The communications the Tracking Code intercepts include search text, keywords offered by search engines, and webpage views, often revealing private, confidential, and sensitive information about the user.

107. As a direct and proximate result of Defendant's violation of the CIPA, Plaintiffs and California Subclass Members were injured and suffered damages, a loss of privacy, and loss of the value of their personal information in an amount to be determined at trial.

108. By disclosing and intercepting Plaintiffs' and California Subclass Members' private information, Defendant violated Plaintiffs' and California Subclass Members' statutorily protected right to privacy.

109. As a result of the above violations and pursuant to CIPA Section 637.2, Defendant are liable to each Plaintiffs and Class Member for the greater of treble actual damages related to their loss of privacy in an amount to be determined at trial or for statutory damages in the amount of $5,000 per violation. Section 637.2 specifically states that "[it] is not a necessary prerequisite to an action pursuant to this section that the Plaintiffs has suffered, or be threatened with, actual damages."

110. Under the statute, Defendant is also liable for reasonable attorney's fees, litigation costs, and injunctive and declaratory relief.

## THIRD CAUSE OF ACTION

### Common Law Invasion of Privacy—Intrusion Upon Seclusion

### (On Behalf of Plaintiffs and the Class)

111. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein and bring this claim individually and on behalf of the proposed Class.

112. Plaintiffs and Class Members had a reasonable expectation of privacy in their communications with third-party websites via the TCL Browser and the communications platforms and services therein.

113. Plaintiffs and Class Members communicated sensitive communications and individually identifiable information that they intended for third-party websites to receive and that they understood Defendant would not store or disclose to other entities.

114. Defendant's disclosure of the substance and nature of those communications to related entities without the knowledge and consent of Plaintiffs and Class Members is

an intentional intrusion on Plaintiffs' and Class Members' solitude or seclusion.

115. Plaintiffs and Class Members had a reasonable expectation that their communications, identity, and other data would remain confidential and that Defendant would not install wiretaps on the Browser to secretly store and transmit their communications to unauthorized third parties.

116. Defendant therefore obtained Plaintiffs' and Class Members' Private Information under false pretenses.

117. As a result of Defendant's actions, Plaintiffs and Class Members have suffered harm and injury, including but not limited to an invasion of their privacy rights.

118. Plaintiffs and Class Members have been damaged as a direct and proximate result of Defendant's invasion of their privacy and are entitled to just compensation, including monetary damages.

119. Plaintiffs and Class Members seek appropriate relief for that injury, including but not limited to damages that will reasonably compensate Plaintiffs and Class Members for the harm to their privacy interests because of Defendant's intrusions upon Plaintiffs' and Class Members' privacy.

120. Plaintiffs and Class Members are also entitled to punitive damages resulting from the malicious, willful, and intentional nature of Defendant's actions, directed at injuring Plaintiffs and Class Members in conscious disregard of their rights. Such damages are needed to deter Defendant from engaging in such conduct in the future.

121. Plaintiffs also seek such other relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

### (On Behalf of Plaintiffs and the Class)

122. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein and bring this claim individually and on behalf of the proposed Class.

123. Defendant received benefits from Plaintiffs and Class Members in the form of data which has substantial monetary value that Defendants sold for marketing and

advertising purposes and unjustly retained those benefits at the expense of Plaintiffs and Class Members.

124. Plaintiffs and Class Members unknowingly conferred a benefit upon Defendant in the form of valuable sensitive information that Defendant collected from them without authorization and proper compensation. Defendant collected and used this information for its own gain, providing it with economic, intangible, and other benefits.

125. Defendant unjustly retained those benefits at the expense of Plaintiffs and Class Members because its conduct damaged Plaintiffs and Class Members, all without providing any commensurate compensation to Plaintiffs and Class Members.

126. The benefits Defendant derived from Plaintiffs and Class Members rightly belong to Plaintiffs and Class Members. It would be inequitable under unjust enrichment principles in California and every other state for Defendant to be permitted to retain any of the profit or other benefits they derived from the unfair and unconscionable methods, acts, and trade practices alleged in this Complaint.

127. Defendant should be compelled to disgorge, in a common fund for the benefit of Plaintiffs and Class Members, all unlawful or inequitable proceeds it received, and such other relief as the Court may deem just and proper.

## RELIEF REQUESTED

Plaintiffs, on behalf of themselves and the proposed Class, respectfully request the Court grant the following relief:

a. Determine that the claims alleged herein may be maintained as a class action and issue an order certifying the Classes defined above;

b. Appoint Plaintiffs as the representatives of the Classes and their counsel as Class counsel;

c. An order enjoining Defendant from engaging in the unlawful practices and illegal acts described herein;

d. An order awarding Plaintiffs and the Classes: (1) actual, statutory, or nominal damages; (2) punitive damages in an amount to be determined at trial;

(3) prejudgment interest on all amounts awarded; (4) equitable disgorgement and injunctive relief as pleaded or as the Court may deem proper; and (5) reasonable attorneys' fees, expenses, and costs of suit; and

e. Other such and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the proposed Class, demand a trial by jury for all claims asserted herein so triable.

Dated: December 23, 2025

Respectfully submitted,

By: */s/ John J. Nelson*
John J. Nelson

JOHN J. NELSON
**MILBERG, PLLC**
280 S. Beverly Dr.
Beverly Hills, CA 92102
Tel: (858) 209-6941
Jnelson@milberg.com

JONATHAN M. JAGHER (*pro hac vice* forthcoming)
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette St.
Conshohocken, PA 19428
Tel: 224-632-4500
jjagher@fklmlaw.com

NICHOLAS R. LANGE (*pro hac vice* forthcoming)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4510
nlange@fklmlaw.com

STEVEN SUKERT (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW P.A.**
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (925) 284-1520
sukert@kolawyers.com

*Attorneys for Plaintiff and the Putative Class*